## BELL *v.* NEW ENGLAND MALT CO.

An agreement, whereby the plaintiff in a suit at law undertakes that he will make no claim for damages against the defendant therein, and which provides that his rights with respect to the property in dispute shall be preserved in a bill of interpleader to which the defendant has made him a party, constitutes a bar to another suit for the same cause by the same plaintiff against the same defendant.

CASE, to recover damages for the refusal of the defendants to transfer to the plaintiff 150 shares of the company's capital stock, which he claims to have purchased at a sheriff's sale of the same upon an execution against one Hale Chadwick. At the October term, 1887, there was pending an action at law between the plaintiff and the defendants, to recover damages for the company's refusal to transfer to him the same 150 shares of stock. There was also pending at the same time a bill of interpleader brought by the malt company against Chadwick, Bell, one Free, and one Manning, each defendant claiming title to said stock. Whereupon, on September 16, 1887, the following agreements, in writing, dated as of the October term, 1887, were made, and filed in the respective suits aforesaid:

In *Bell* v. *The Malt Co.:* "It is agreed that the plaintiff makes no claim for damages or costs against the defendants in this action; and such entries may be made upon the docket as shall preserve any rights the plaintiff may have with regard to the property in dispute, in the pending suit of *The New England Malt Co.* v. *Hale Chadwick and others.*"

In *N. E. Malt Co.* v. *Chadwick et als.:* "John W. Free, one of the defendants in said suit, hereby agrees to release all claim to the 150 shares of stock therein named; and in consideration thereof, Wm. H. Bell and W. E. Manning, two of the defendants in said suit, relinquish all their respective claims for costs against said Free."

And in pursuance of said agreement, Free did withdraw, and made no claim of title to the stock. These agreements being filed in court, on motion of counsel for Manning the bill of interpleader was ordered "dismissed as interpleader," and the court ruled that Bell might file, in that cause, an amended or additional answer, setting up his claim to recover the stock, which claim might be determined in that proceeding, upon such amended or additional answer. Thereupon Bell filed in court an additional answer as follows:

"*New England Malt Co.* v. *Hale Chadwick et al.* In the above action the defendant Bell answers further, and says that since the plaintiff filed its bill of interpleader, by an agreement entered into between the defendant Bell and the plaintiff, said Bell

waived his claim of damages in the suit at law, which the plaintiff alleges in its bill that said Bell has commenced against it, and has agreed to pursue, in this proceeding of interpleader, his (said Bell's) rights and remedies in the matters set forth in said suit at law. And therefore the said Bell says, that, without regard to whether said plaintiff can compel said defendant Manning to interplead in this action or not, the plaintiff is bound to have the rights of said defendant Bell to the stock in dispute as against the plaintiff determined in this proceeding, or the agreement in the suit at law above referred .to should be cancelled."

Thereupon the plaintiff filed the following replication to Bell's additional answer :

" The plaintiff says the said Manning claims title to the said stock, as heretofore alleged in the said bill, and the said Manning's answer thereto, now on file in court, and to which the plaintiff begs leave to refer. And the plaintiff says it is willing to 'have the rights of said defendant Bell to the stock in dispute as against the plaintiff determined in this proceeding.' "

And the malt company took no exception to the order dismissing the bill " as interpleader," understanding that by Bell 's additional answer an issue was framed which would test and determine Bell 's claim of title to the stock.

Subsequently Bell filed an amendment to his additional answer, in which he asked that the agreements hereinbefore recited might be vacated and set aside ; and he made the same motion in the suit of *Bell* v. *The Malt Company ;* and upon full hearing and argument, at the April term, 1888, the request and motion to set aside said agreements were denied, and the action *Bell* v. *The Malt Company* was entered " neither party."

At the April term, 1888, the parties proceeded to a hearing upon the bill, and the additional and amended answer and replication thereto, and witnesses were examined on both sides, and the testimony being closed, Bell moved that the bill be dismissed without prejudice ; and the court granted the motion.

Subsequently Bell commenced the present action, which was entered at the October term, 1888. The defendants pleaded thereto the general issue, and by special plea set up the aforesaid agreements in bar of the action.

The court sustained the plea, and ordered judgment for the defendants, and the plaintiff excepted.

*D. F. Dudley* and *J. H. Albin*, for the plaintiff.

*Wm. L. Foster*, for the defendants.

SMITH, J.   The question is not whether the plaintiff is barred by the entries made in the suits pending in 1887, but whether he is precluded from maintaining this suit by the agreements then

entered into.   In the suit at law he agreed to make no claim for damages or costs in that suit.   It is not expressly stated in the agreement that he would try his title to the stock in the other suit, but the fact that he abandoned his claim for damages in the suit at law and stipulated for such docket entries as would preserve his rights to the stock in the interpleader suit, is evidence of such agreement, and is confirmed by his statement to that effect in his additional answer in that suit.   If this is not the correct view, it would seem that the parties entered into agreements from which they understood no substantial result would follow.   The improbability of their understandingly making futile agreements is good ground for holding that the construction contended for by the plaintiff is not what was intended.

There was a good consideration for the agreement.   The defendants agreed to dismiss the suit.   At the same time, Free, one of the defendants in the interpleader suit and a claimant of the stock in question, released in writing all claim to the stock, and Manning, another claimant, with Bell, in the same written agreement relinquished their respective claims for costs against Free.   No reason appears why the plaintiff should not be held to his agreements. His remedy is to move to bring forward the interpleader suit, dismissed on his motion without prejudice; but whether he should have another trial is a question to be determined at the trial term upon a hearing.   It is unnecessary to consider the exception to the testimony of Leach and Parsons.

*Exceptions overruled.*

ALLEN and BLODGETT, JJ., did not sit: the others concurred.